**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| Towanaka Bass,<br><br>Plaintiff,<br><br>v.<br><br>Walmart Inc., et al.,<br><br>Defendants. | Civil Action No. 4:25-cv-00614-JD<br><br>**MEMORANDUM ORDER AND OPINION** |

This premises liability action is before the Court on Defendants Walmart Inc., Wal-Mart Real Estate Business Trust, and Wal-Mart Stores East, L.P.'s[1] (collectively, "Walmart") Motion for Summary Judgment. (DE 18.) Plaintiff Towanaka Bass ("Plaintiff") filed a Response in Opposition (DE 19), and Walmart filed a Reply (DE 20).

Walmart argues that Plaintiff cannot identify a dangerous condition that caused her fall or establish that Walmart created the condition or had actual or constructive notice of it. Plaintiff responds that the post-incident photograph, surveillance footage, deposition testimony, prior associate traffic, and Walmart's safety procedures create triable issues. Viewing the record as a whole in Plaintiff's favor, the Court concludes that genuine disputes of material fact remain. The motion is denied.

[1] Plaintiff is a South Carolina citizen. (DE 1 at 3.) Defendants' Local Civil Rule 26.01 disclosures establish that none of the remaining Defendants is a South Carolina citizen. (DE 3 at 4-5.) *See Brown v. Wal-Mart Stores E., LP*, 139 F.4th 356, 368 n.2 (4th Cir. 2025); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). The amount in controversy exceeds $75,000. (DE 1 at 3-5.) The Court, therefore, has subject matter jurisdiction under 28 U.S.C. § 1332(a).

# I. BACKGROUND

## A. Factual Background

On December 30, 2021, Plaintiff was shopping with her companion at Walmart Store #4457 in Bennettsville, South Carolina. While walking through the snack or cookie aisle, Plaintiff suddenly fell and fractured her wrist. (DE 18-1 at 2–3; DE 19 at 1.)

Plaintiff's Complaint alleged that a drainpipe or access cover protruded above an uneven portion of the floor and caused her to fall. (DE 1-1 at 24, 26, Compl. ¶¶ 2, 11–16.) In discovery, Plaintiff similarly stated that her foot became caught on a drainpipe and that the surrounding floor was uneven. (DE 18-4 at 3, Resp. No. 21.) Her deposition testimony was less certain. Plaintiff testified: "To be honest, I don't know. It could have been a combination of things." (Bass Dep. 25:4–5, DE 18-2 at 8.) She further testified that her companion called her attention to "something shiny on this floor," which Plaintiff also observed, and that when she was helped up she was positioned at or over the drain or access cover. (*Id.* at 25:4–11, DE 18-2 at 8.) Plaintiff did not recall feeling either foot strike an object before she fell. (*Id.* at 34:19–22, DE 18-2 at 9.) When shown photographs of the drain cover, she described the surrounding area as not flush with the floor and having "like a dip," although she could not quantify the elevation difference. (*Id.* at 37:4–39:10, DE 8-2 at 12–4.) She ultimately described the occurrence as a slip rather than a trip. (*Id.* at 39:11–13, DE 18-2 at 39.)

Walmart employees photographed the location following the incident. Plaintiff relies particularly on a photograph depicting the drain or access cover and the

surrounding concrete surface. (DE 19-1.) Plaintiff characterizes the photograph as depicting an irregular, shiny, or greasy-appearing substance immediately surrounding or adjacent to the drain. (DE 19 at 2, 5.)

The Court does not determine at this stage what the photograph ultimately depicts. It does not establish as an undisputed fact that the area was wet, greasy, or slippery; nor does it conclusively establish the contrary. Viewed in Plaintiff's favor, a reasonable jury could perceive an irregular shiny or darker condition adjacent to the drain where Plaintiff testified she fell.

Walmart also preserved surveillance footage of the area. (DE 18-3.) The footage records Plaintiff's movement through the aisle and the fall, but Plaintiff's feet at the critical moment and the condition of the immediate floor surface are not clearly discernible because of the camera angle, distance, resolution, and obstructions in the store. The footage, therefore, does not conclusively establish either the presence or absence of the condition Plaintiff alleges, nor does it resolve when any such condition arose.

Plaintiff also contends that Walmart associates traversed the relevant area before her fall and relies on Walmart policies requiring associates to monitor the sales floor for hazards under safety-sweep and "Clean as You Go" procedures. (DE 19 at 5–6.) According to Plaintiff, associates passed through the area at approximately 1:48 p.m. and 1:51 p.m., while Plaintiff entered the aisle at approximately 2:18 p.m. (*Id.* at 3, 6.)

Walmart maintains that none of this establishes when any alleged substance appeared, whether it existed when an employee previously traversed the aisle, or whether Walmart created or knew of it. (DE 20 at 2–4.)

### B. Procedural Matter

Before reaching the merits, the Court briefly addresses the timing of Plaintiff's opposition. Plaintiff's response to the summary judgment motion was filed after the applicable deadline. Walmart, therefore, requested that the Court disregard it. (DE 20 at 1–2.) Plaintiff subsequently sought a retroactive extension under Rule 6(b). (DE 21.)

By Text Order dated February 2, 2026, the Court denied Plaintiff's motion for an extension because Plaintiff did not demonstrate excusable neglect. (DE 24.) That said, "in the interest of resolving dispositive motions on their merits," the Court expressly determined that it would consider Plaintiff's late-filed opposition in adjudicating Walmart's summary judgment motion. *Id.* Accordingly, the timeliness issue requires no further consideration here.

## II. LEGAL STANDARD

### A. Rule 56

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of identifying the basis for the motion and the portions of the record demonstrating the absence of a genuine dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the nonmoving party will

bear the burden of proof at trial, the movant may satisfy that responsibility by pointing to an absence of evidence supporting an essential element of the nonmovant's case. *Id.* at 324–25.

Once the movant makes that showing, the nonmoving party must identify specific record evidence from which a reasonable jury could find in its favor. *See* Fed. R. Civ. P. 56(c)(1); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 252 (1986). A fact is material if it could affect the outcome under governing law, and a dispute is genuine if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Wai Man Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020). Conclusory allegations or denials are not enough. *Id.*

At the same time, Rule 56 does not authorize the Court to decide which side's evidence is more persuasive. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions[.]" *Anderson*, 477 U.S. at 255. The Court must view the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in that party's favor. *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659-60 (4th Cir. 2018). Summary judgment is therefore improper where the record would permit a reasonable jury to resolve a material factual dispute for either side. *See Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 761-62 (4th Cir. 2021).

**B. South Carolina Premises Liability**

Because this action is before the Court on diversity jurisdiction, South Carolina substantive law governs Plaintiff's negligence claim. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

A merchant owes an invitee the duty to exercise reasonable or ordinary care for the invitee's safety and to keep the premises in a reasonably safe condition, but the merchant is not an insurer of the customer's safety. *See Wintersteen v. Food Lion, Inc.*, 344 S.C. 32, 35-36, 542 S.E.2d 728, 729-30 (2001).

For injuries attributed to a dangerous or defective condition on store premises, South Carolina requires evidence either that a specific act of the defendant created the condition or that the defendant had actual or constructive knowledge of the condition. *Id.* at 35, 542 S.E.2d at 729. In the ordinary foreign-substance case, the plaintiff must, therefore, show that the defendant or its agents placed the substance on the floor or had actual or constructive notice that it was there. *Id.*

Constructive notice ordinarily may be shown by evidence that the foreign substance existed for a sufficient length of time that the merchant, exercising ordinary care, should have discovered and removed it. *Id.* at 36 n.1, 542 S.E.2d at 730 n.1. The mere presence of a substance is not enough. *See Calvert v. House Beautiful Paint & Decorating Ctr., Inc.*, 313 S.C. 494, 496, 443 S.E.2d 398, 399 (1994). Nor does an employee's proximity or field of vision, standing alone, establish constructive notice. *See Gillespie v. Wal-Mart Stores, Inc.*, 302 S.C. 90, 91-92, 394 S.E.2d 24, 25 (Ct. App. 1990).

Those rules require evidence, not conjecture, concerning notice. They do not, however, require that notice be proved by direct testimony. As with other material facts, the Court must determine whether the circumstantial record, considered as a whole, permits a reasonable inference of notice rather than speculation. *See Anderson*, 477 U.S. at 249-55; *Sedar*, 988 F.3d at 764-65.

Video evidence is assessed under the same Rule 56 principles. A court need not accept a version of events that is "blatantly contradicted" by an unambiguous recording. *Scott v. Harris*, 550 U.S. 372, 380 (2007). But where surveillance footage is limited, poor in quality, or reasonably susceptible to competing interpretations, the court may not resolve those competing inferences for the movant. *See Brown v. Wal-Mart Stores E., LP*, 139 F.4th 356, 366-68 (4th Cir. 2025).

The Court also takes account of *Lewis v. Circle K Stores Inc.*, 175 F.4th 520 (4th Cir. 2026), a recently published decision applying South Carolina premises-liability law. *Lewis* reinforces that fact-sensitive questions concerning an alleged slipping hazard, breach, and ordinary causal inferences should not be resolved by weighing competing evidence at summary judgment. *Id.* at 523-28. Its facts involved a condition affirmatively created by a store employee, however, so *Lewis* does not displace *Wintersteen*'s creation-or-notice requirement for a one-off foreign-substance case.

## III. DISCUSSION

Walmart principally advances three related arguments: (1) Plaintiff cannot establish the existence of an unreasonably dangerous condition; (2) Plaintiff cannot

establish that any such condition caused her fall; and (3) even assuming the existence and causation of a dangerous condition, Plaintiff cannot establish that Walmart created or had actual or constructive notice of it. (DE 18-1 at 5–8.) Walmart reiterates in reply that Plaintiff's theory requires impermissible speculation concerning the existence, duration, and origin of the alleged substance. (DE 20 at 2–4.)

Plaintiff responds that the record must be considered cumulatively. She points to her testimony about a shiny condition, Walmart's post-incident photograph, the surveillance footage, employee traffic through the area, and Walmart's safety practices. From that evidence, Plaintiff contends a jury could reasonably determine that a hazardous condition existed, caused her fall, and had existed long enough that Walmart should have discovered it. (DE 19 at 5–7.)

The Court addresses each issue in turn.

**A. Existence of a Dangerous Condition**

Walmart first argues that Plaintiff has no competent evidence identifying a hazardous condition. (DE 18-1 at 5-8.) The Court cannot reach that conclusion as a matter of law. Plaintiff's testimony is admittedly uncertain: she could not identify the precise mechanism of her fall and did not recall feeling either foot strike the drain or another object. (DE 18-2, Bass Dep. 25:1-11, 34:19-22, 39:11-13.) That testimony materially weakens her original allegation that she tripped over a protruding drain, but it is not the whole record.

Plaintiff also testified that, immediately after the fall, her companion called her attention to "something shiny" on the floor and that she saw it as well. (DE 18-2,

Bass Dep. 25:1-11.) Walmart employees then photographed the precise area. (DE 19-1.) Viewed favorably to Plaintiff, that photograph is susceptible to the inference that an irregular shiny or darker condition existed adjacent to the access cover.

Walmart may ultimately persuade a jury that the apparent sheen reflects ordinary floor finish, lighting, discoloration, or some other nonhazardous condition. But the Court cannot choose among those plausible interpretations of an ambiguous photograph at Rule 56. *See Anderson*, 477 U.S. at 255; *Brown*, 139 F.4th at 366-68.

The same is true of Walmart's evidence that numerous customers and associates traversed the vicinity without incident. (DE 18-1 at 3.) That evidence is probative and may carry substantial weight at trial. It does not compel the conclusion, as a matter of law, that no slippery or otherwise hazardous condition existed.

Accordingly, the record would permit a reasonable jury to find that a hazardous floor condition existed at the location of Plaintiff's fall.

**B. Causation**

Walmart next emphasizes that Plaintiff could not identify with certainty what caused her fall and testified that she slipped rather than tripped. (DE 18-1 at 3-5.) That uncertainty is significant, but it does not make causation purely speculative on this record.

*Sedar* is instructive on this point. There, neither the injured plaintiff nor the witnesses saw the plaintiff's foot engage the alleged defect, yet the Fourth Circuit held that the physical and circumstantial evidence, considered collectively, supplied a sufficient basis for a reasonable inference of causation. 988 F.3d at 764-65. As the

court emphasized, circumstantial evidence is not treated as inferior to direct evidence and that a plaintiff survives Rule 56 when the record supplies evidence beyond speculation from which a reasonable juror may draw legitimate inferences. *Id.*

*Lewis* likewise confirms that juries may draw on ordinary experience in evaluating the causal sequence of a conventional slip-and-fall and that expert testimony is not invariably necessary to establish such a causal link. 175 F.4th at 527-28. *Lewis* does not itself establish what caused Plaintiff's feet to slip here; it does, however, reinforce the jury's role where the causal inference is within ordinary experience and supported by record evidence.

Here, Plaintiff testified that her feet suddenly came out from under her; she was located at or immediately adjacent to the drain when helped from the floor; she and her companion observed something shiny in that area; and Walmart's post-incident photograph can reasonably be interpreted as depicting an irregular condition at the same location. (DE 18-2, Bass Dep. 24:5-8, 25:1-11; DE 19-1.) The surveillance footage does not clearly show Plaintiff's feet at the instant of the fall, and thus neither conclusively establishes nor disproves Plaintiff's account. (DE 18-3.)

Walmart remains free to argue that Plaintiff fell because of her footwear, clothing, loss of balance, or some other cause. But on the present record, choosing among those competing explanations would require the Court to weigh evidence and select the more probable inference. Rule 56 does not permit that where a reasonable jury could find causation from the circumstantial evidence. Accordingly, causation presents a triable issue.

### C. Creation and Notice

In this case, the closer question is creation or notice. There is no direct evidence that a Walmart employee deposited a foreign substance on the floor, and Plaintiff has not identified testimony that an employee actually observed a shiny or slippery condition before the fall. Thus, to the extent Plaintiff proceeds on a transient foreign-substance theory, the motion turns principally on constructive notice.

Walmart's argument is substantial. It contends Plaintiff has no evidence establishing when the alleged condition arose and, therefore, cannot show that it existed long enough to be discovered. (DE 18-1 at 6-8; DE 20 at 2-4.) That argument is supported by South Carolina cases refusing to infer constructive notice from the mere existence of a substance or the mere presence of an employee nearby. *See Wintersteen*, 344 S.C. at 35-39, 542 S.E.2d at 729-32; *Calvert*, 313 S.C. at 496, 443 S.E.2d at 399; *Gillespie*, 302 S.C. at 91-92, 394 S.E.2d at 25.

Those authorities do not make every dispute concerning duration unsuitable for a jury. In *Calvert*, for example, the record affirmatively showed that the store was swept the preceding evening, the storekeeper customarily inspected it each morning, and the storekeeper was in the very aisle immediately before the fall and saw no substance. 313 S.C. at 495-96, 443 S.E.2d at 399. And in *Gillespie*, the record showed only that water was present and could have been seen by a nearby clerk, with no evidence of how long it had been there or within the clerk's field of vision. 302 S.C. at 91-92, 394 S.E.2d at 25. The Court must, therefore, ask whether Bass has identified

something more than the mere post-accident existence of a condition and an employee somewhere nearby.

She has done so here. Plaintiff points to her contemporaneous observation of something shiny at the location; Walmart's photograph of that precise area after the fall; surveillance of the aisle and the occurrence; evidence that Walmart associates traversed the relevant area before Plaintiff entered the aisle; and Walmart procedures requiring associates on the sales floor to monitor for and address hazards. (DE 18-2, Bass Dep. 25:1-11; DE 18-3; DE 19-1; DE 19 at 3, 5-6.)

None of those circumstances, standing alone, proves constructive notice. And Walmart is correct that an associate's earlier passage through the aisle does not by itself prove that the alleged condition was already present. The Court, therefore, does not treat employee presence, the safety procedures, or the later photograph as a substitute for *Wintersteen*'s notice requirement.

But Rule 56 likewise does not permit the Court to assume the converse—that the condition necessarily appeared only after the associates passed through the area. The relevant question is whether the combined record permits a reasonable inference that the condition predated the fall long enough that Walmart, exercising ordinary care, should have discovered it.

The surveillance footage does not resolve that question. The recording before the Court is sufficiently distant and obstructed that the condition of the precise floor surface cannot reliably be determined from the image, and the recording does not reveal when the alleged shiny condition originated. (DE 18-3.) This is not a case in

which video evidence "blatantly contradict[s]" Plaintiff's version. *Scott*, 550 U.S. at 380. Rather, the visual record leaves room for competing inferences.

*Brown* does not alter South Carolina's substantive notice rule; indeed, the Fourth Circuit expressly distinguished one-off hazards, for which notice of the particular hazardous object or substance ordinarily remains necessary, from the generalized notice supplied by a snowstorm under Virginia law. 139 F.4th at 363-65. But *Brown*'s Rule 56 treatment of surveillance evidence is instructive: where the video is limited or difficult to interpret, and the surrounding evidence supports competing inferences, the district court may not resolve those inferences by deciding which account is more believable. *Id.* at 366-68.

The Court likewise does not treat Walmart's internal safety procedures as independently creating constructive notice or enlarging the substantive duty imposed by South Carolina law. *Wintersteen* rejected a rule that would effectively require merchants to anticipate and prevent every third-party spill merely because such hazards are foreseeable. 344 S.C. at 38-39, 542 S.E.2d at 731-32.

The procedures nevertheless form part of the factual context. If the condition was present when associates traversed the area, the fact that Walmart expected associates on the sales floor to look for and address hazards bears on whether ordinary care would have led to its discovery. That evidence does not eliminate the need for notice; it informs the jury's assessment of the notice inference Plaintiff asks it to draw.

The post-incident photograph also warrants caution before characterizing the condition as a plainly transient customer spill. Plaintiff's evidence places the apparent shiny or irregular condition at the floor drain or access cover implicated from the outset of the case. (DE 1-1 at 24, Compl. ¶¶ 2, 11-16; DE 18-2, Bass Dep. 25:1-11; DE 19-1.) A jury may reject any connection between the condition and the drain or surrounding floor. On this record, however, the Court cannot conclusively classify the condition as a newly created spill of necessarily short duration.

The Court recognizes that Walmart's competing inference remains strong. A jury may find that no hazardous substance existed, that any condition appeared only moments before the fall, or that no associate reasonably could have detected it. Those are plausible conclusions. They are not, however, the only conclusions the present record permits when the photograph, testimony, associate traffic, safety practices, and inconclusive surveillance are considered together.

Nor does *Lewis* dispense with the notice requirement. There, the defendant's employee had just washed the area with water and a powdered concrete cleaner, so creation of the condition was not genuinely disputed. 175 F.4th at 523-24. *Lewis*'s relevance here is, therefore, procedural and analytical: it cautions against resolving fact-sensitive premises liability disputes by selecting among competing reasonable inferences. It does not relieve Plaintiff of the burden imposed by *Wintersteen*.

On the particular record presented, the Court concludes that Plaintiff has identified enough circumstantial evidence for a reasonable jury, rather than the Court, to decide whether the alleged condition existed long enough that Walmart

should have discovered and remedied it. The constructive notice theory is contestable, but it crosses the line from mere conjecture to a permissible inference. That is sufficient to withstand Rule 56.

**D. Walmart's Alternative Explanations**

Walmart also points to evidence that Plaintiff may have had difficulty walking because of her pants or boots and emphasizes that numerous customers traversed the area without incident. (DE 18-1 at 3.) Those facts are probative and remain available to Walmart at trial.

They do not eliminate the factual disputes described above. Plaintiff disputes that she was having difficulty walking and contends the surveillance shows her walking normally before the fall. (DE 19 at 3, 6-7.) The footage does not so clearly establish Walmart's competing account that no reasonable jury could accept Plaintiff's version. (DE 18-3.)

As *Sedar* explains, alternative explanations may ultimately persuade the finder of fact, but the existence of evidence supporting those alternatives does not authorize the Court to determine at summary judgment which explanation is more probable. 988 F.3d at 765. *Brown* likewise cautions that when visual evidence is difficult to interpret and the reasonable inferences conflict, choosing whose account to believe is a jury function. 139 F.4th at 366-68.

## IV. CONCLUSION

This ruling is limited. The Court does not find that Walmart created a hazardous condition, had notice of one, or acted negligently. Nor does the Court

determine that the shiny or irregular condition Plaintiff identifies in the photograph caused her fall. Those issues remain disputed.

The Court holds only that, when the record is considered cumulatively, and all reasonable inferences are drawn in Plaintiff's favor, a reasonable jury could resolve the material disputes concerning the existence and cause of the alleged condition and whether the circumstances were such that Walmart should have discovered and remedied it. Because those disputes may reasonably be resolved for either party, they must be tried rather than decided on summary judgment. Accordingly, Defendants' Motion for Summary Judgment (DE 18) is **DENIED**.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 17, 2026